1  DELTA LAW GROUP
   A PROFESSIONAL LAW CORPORATION
2  Jim G. Price, Esq., SBN 119324
   6569 Brentwood Boulevard
3  P.O. Box 1417
   Brentwood, CA  94513
4  Telephone:  925-516-4686
   Facsimile:  925-516-4058
5  Email:      deltalawgroup@yahoo.com

6  Attorneys for Plaintiffs
   JONATHAN HAYTER & SANDRYNA HAYTER
7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 JONATHAN HAYTER & SANDRYNA        )  Case No.
   HAYTER, husband and wife,         )
13                                   )  **COMPLAINT**
                                     )
14            Plaintiffs,            )  **JURY TRIAL DEMANDED**
                                     )
15 v.                                )
                                     )
16 PHH MORTGAGE CORPORATION, a New   )
   Jersey corporation,               )
17                                   )
              Defendant.             )
18                                   )
                                     )
19 ─────────────────────────────────── )

20                    **JURISDICTION**

21     1.     Jurisdiction of this Court arises under 28 U.S.C. § 1332 and pursuant to 28 U.S.C.

22 § 1367 for pendent state law claims.

23     2.     Plaintiffs JONATHAN HAYTER & SANDRYNA HAYTER are residents of the

24 State of California, and Defendant PHH MORTGAGE CORPORATION is a New Jersey

25 corporation.  The amount in controversy exceeds $75,000.00.

COMPLAINT

3.     Venue is proper in this district because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4.     Plaintiffs JONATHAN HAYTER & SANDRYNA HAYTER are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

5.     Plaintiffs are informed and believe, and thereon allege, that Defendant is not an attorney or counselor at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

6.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

7.     This action is against Defendant PHH MORTGAGE CORPORATON ("PHH") for its acts and/or omissions as set forth herein relating to the residential mortgage loan transactions and modification ("Subject Loans") regarding real property located at 885 Boltzen Court, Brentwood, CA  94513 ("Subject Property").

///

///

8.      Defendant PHH was the servicer and is at all times relevant herein engaged in business in the County of Contra Costa.  Plaintiffs are informed that Defendant PHH purchased the Subject Loans and is now also the lender.

9.      In about 2012 Plaintiffs began to experience financial difficulties with the home loan on the Subject Property. As a result, Plaintiffs contacted Defendant PHH in an attempt to obtain a loan modification or some other loan workout agreement. Plaintiffs then submitted a complete loan modification application.

10.     On or about May 22, 2013, Defendant PHH acknowledged receipt of Plaintiffs loan modification application but claimed it was incomplete. Plaintiffs then received a letter dated   May 24, 2013 advising that Celeste Doyle was Plaintiffs' single point of contact. Defendant PHH represented to Plaintiffs that it would consider them for loan modification under all available programs. In a subsequent letter dated June 24, 2013, Defendant PHH gave Plaintiffs until July 9, 2013 to complete the application.  Despite this extension, on July 2, 2013 Defendant PHH commenced a non-judicial foreclosure upon Plaintiffs' home.

11.     Plaintiffs then received a letter from Defendant PHH dated June 9, 2014 advising that Atia Sherrod was their single point of contact.

12.     On July 21, 2014, Defendant PHH caused the trustee sale of Plaintiffs' home to be scheduled for August 14, 2014. Defendant then mailed a letter to Plaintiffs dated August 4, 2014, acknowledging Plaintiffs' loan modification application was complete and offering Plaintiffs a trial period plan under the FHA-Home Affordable Modification Program. Celeste Doyle was again identified as Plaintiffs' single point of contact.  In this letter Defendant represented to Plaintiffs that in order for them to attempt to suspend foreclosure proceeding, Plaintiffs must by August 11, 2014:

    (1)     indicate their intent to accept the offer; and

    (2)     make their first Trial Period Plan payment today, but no later than August 11, 2014.

PHH further represented that "suspension of foreclosure proceedings is not guaranteed, however we will attempt to do so if you accept this offer." PHH threatened that "if you do not respond today, or no later than August 11, 2014, we will continue with the foreclosure process, and a foreclosure sale may occur." It is the pattern and practice, and the business plan of Defendant to send this threatening letter to consumers to get them to accept its trial period plan and to make payments.

13.    Defendant PHH also represented: "Once you have successfully made each of the payments above by their due dates, you have submitted two signed copies of your modification agreement and subordinate note. [sic] When we have signed the modification agreement, your mortgage will be permanently modified in accordance with the terms of your modification agreement and partial claim."

14.    Plaintiffs repeatedly requested that Defendant PHH suspend all foreclosure proceeding, but Defendant refused to do so even though Defendant acknowledged that Plaintiffs had submitted a complete loan modification application and Defendant had offered Plaintiffs a trial period plan under the FHA-Home Affordable Modification Program. Defendant did not postpone the trustee sale until a few days before the actual sale. Plaintiffs had previously advised Defendant that their home was the most important thing to them.

15.    The California Homeowner Bill of Rights became law on January 1, 2013, and prohibits a mortgage servicer from recording a notice of default, recording a notice of trustee sale, and conducting a trustee sale while a homeowner has pending a complete loan modification

application. It further requires that a single point of contact be established for the homeowner with the mortgage servicer during the loan modification process. In addition California Civil Code Section 2923.6(f) requires specific information be given to a homeowner in the denial under a loan modification program. Defendant PHH violated the California Homeowner Bill of Rights by:  (1) recording a notice of default against Plaintiffs' home after Plaintiffs had submitted a complete loan modification application; (2) recording a notice of trustee sale against Plaintiffs' home after Plaintiffs had submitted a complete loan modification application; (3) misrepresenting to Plaintiffs that postponement of the trustee sale was not guaranteed and that a trustee sale may occur, even though Defendant acknowledged it had a complete application from Plaintiff and had offered Plaintiffs a trial period; (4) failing to comply with California Civil Code Section 2923.6(f) when it denied Plaintiffs' application for a loan modification under certain programs; (5) and failing to provide a single point of contact to Plaintiffs during the loan modification process.

16.     On or about January 12, 2015, Plaintiffs received by mail a permanent Loan modification dated December 31, 2014,  which appears to have been mailed on or about January 7, 2015. The instructions for accepting the loan modification stated the documents had to be received back by January 14, 2015.

17.     Defendant PHH told Plaintiffs that to obtain the loan modification, and thereby save their home, they had to sign before a notary public the documents sent to them and return those documents to Defendant within less than a week. When Plaintiffs asked questions about the documents, Defendant refused to respond and simply told Plaintiffs to "read them". Two of the documents Defendant directed Plaintiffs to sign to complete the loan modification and save their home, were a subordinate promissory note and second deed of trust in favor of the

Secretary of Housing and Urban Development (HUD) for $66,270.29. The purpose of this loan was to have HUD advance funds on behalf of the Plaintiffs in an amount necessary to reinstate their existing home loan, so there would be no arrears to add to the principal balance of the existing loan. At the same time Defendant PHH was arranging for Plaintiffs a second loan with HUD to bring their existing home loan current, Defendant was also misrepresenting to Plaintiffs that they had to sign a loan modification agreement on their existing loan which added $45,797.14 to the principal balance. Defendant misrepresented to Plaintiffs that this was the amount that needed to be paid to bring their existing home loan current, when the subordinate note and deed of trust to HUD would bring the existing loan current.

18.     To save their home Plaintiffs signed and returned the executed loan modification agreement and the subordinated note and deed of trust as instructed by Defendant PHH in March 2015. Defendant PHH signed the loan modification agreement on     April 20, 2015.

19.     Plaintiffs then received a letter a few days later, dated April 22, 2015, from Defendant advising that it had purchased Plaintiffs' loan, which wrongfully had the principal balance increased by $45,797.14.

20.     Since the loan modification agreement went into effect at least one of Plaintiffs' payments have been lost and Plaintiffs' May 2015 payment was returned to them.

### FIRST CAUSE OF ACTION
**Invasion Of Privacy By Intrusion Upon Seclusion**

21.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

///

///

22.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

23.     Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs as alleged herein.

24.     Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

25.     Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and private concerns or affairs.

26.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy against Plaintiffs by this Defendant which occurred in a way that would be highly offensive to a reasonable person in Plaintiffs' position.

27.     As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

28.     Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiffs to punitive damages in an amount according to proof and a finder of fact at trial.

## SECOND CAUSE OF ACTION
### Violation Of The Rosenthal Fair Debt Collection Practices Act
### §§ 1788-1788.32 (RFDCPA)

29.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act, including but not limited to California Civil Code § 1788.10(f), 1788.13(j) & 1788.17 by violating 15 U.S.C. § 1692d, 1692e, e(5), and 1692f.

31.     As a result of Defendant's violations of the RFDCPA, Plaintiffs are entitled to actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## THIRD CAUSE OF ACTION
### Negligence

32.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant's outrageous, abusive, and intrusive acts as described herein constituted negligent infliction of emotional distress.

34.     Plaintiffs suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a Defendant who should have foreseen that the conduct would cause such distress.

35.     Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

36.     Defendant's actions and omissions as described herein constitute negligence in that Defendant undertook a duty to Plaintiffs to process and evaluate Plaintiffs under various loan modification programs.  Defendant breached these assumed duties as alleged herein and said breaches were the proximate cause of damages suffered by Plaintiffs.

37.     Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiffs to cruel and unjust hardship in conscious disregards of their rights.

38.     Plaintiffs suffered damages due to Defendant's actions in an amount to be determined at trial.

39.     Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendant as described herein.

### FOURTH CAUSE OF ACTION
### Negligent Training and Supervision

40.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiffs.

42.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

43.     Defendant acted with oppression, and/or malice, thereby entitling Plaintiffs to punitive damages in an amount to be determined at trial.  Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

## FIFTH CAUSE OF ACTION
### Reformation of Loan Modification Agreement

44.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     As a result of negligence or fraud on the part of Defendant PHH, the Loan Modification Agreement on Plaintiffs' existing home loan overstated the principal balance by $45,797.14. The principal balance should be $330,198.01, since all arrears, advances and costs were put into the subordinate note to HUD.

46.     As a proximate cause of Defendant's tort, Plaintiffs had to retain an attorney to seek reformation of the Loan Modification Agreement and Plaintiffs have and will incur attorney's fees and costs in an amount according to proof at trial.

WHEREFORE, Plaintiffs request judgment as set forth below.

## SIXTH CAUSE OF ACTION
### Intentional Misrepresentation

47.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     Defendant PHH misrepresented to Plaintiffs that: Plaintiffs had to sign the loan modification agreement on their existing loan which added $45,797.14 to the principal balance in order to obtain a loan modification.

49.     The representation that $45,797.14 had to be added to Plaintiffs' existing loan was false because all arrears were to be brought current with a subordinate loan from HUD.

50.     This representation was material because it caused Plaintiffs to modify their existing home loan increasing the principal balance by $45,797.14 when accrued interest, advances, and costs were to be funded through a subordinate financing with HUD.

51.     Plaintiffs reasonably relied upon the misrepresentation by Defendant PHH as it was the servicer on Plaintiffs' existing loan and had all the records of amounts due and was in a better position than Plaintiffs to know the amount needed to bring the loan current.

52.     As a proximate result of Plaintiffs' reliance upon Defendant's misrepresentation Plaintiff incurred additional debt of $45,797.14 when Plaintiffs did not owe that money to Defendant since all accrued interest, advances, and costs were to be funded through subordinate financing with HUD.

53.     As a proximate cause of Defendant's tort, Plaintiffs had to retain an attorney to seek reformation of the Loan Modification Agreement and Plaintiffs have and will incur attorney's fees and costs in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### SEVENTH CAUSE OF ACTION
**Wrongful Foreclosure in Violation of**
**California Civil Code §2923.6**

54.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     California Civil Code §2923.6 provides in part:

(c)     If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a

mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Defendant PHH recorded a Notice of Default, Notice of Sale, and threatened to sell Plaintiffs' house at trustee sale after Plaintiffs had submitted a complete loan modification and while it was pending.

56.     As a proximate result of Defendant's violation of the statutory duties imposed on Defendant under California Civil Code §2923.6, Plaintiffs suffered serious emotional distress.

WHEREFORE, Plaintiffs pray for judgment as set forth herein.

## EIGHTH CAUSE OF ACTION
### Accounting

57.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.     The true amount owed to Defendant PHH is in dispute and in question.  A subordinate promissory note and second deed of trust in favor of the Secretary of Housing and Urban Development (HUD) for $66,270.29 was executed by Plaintiffs, so the funds from that financing arranged by Defendant should have paid down the amount due on the existing home loan. Defendant then had Plaintiffs sign a loan modification agreement adding $45,797.14 to the principal balance of the existing home loan. Recently, payments made by Plaintiffs have not been credited and returned.

59.     Under these circumstances a judicial determination and settlement of the account between the parties is necessary and appropriate.

60.     As a proximate result of Defendant's action and omissions, Plaintiffs have and will incur attorney's fees and costs to determine the true and correct amount owing to Defendant.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## NINTH CAUSE OF ACTION
### Violation of California Business and Professions
### Code Section 17200

61.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.  The Unfair Competition Law prohibits acts of "unfair competition," including any "unlawful" act or practice.  The Homeowner Bill of Rights requires suspension of foreclosure proceeding as alleged herein.  Defendant PHH failed to comply with the Homeowner Bill of Rights.  Therefore, Defendant PHH acted unlawfully under the UCL.

63.     As a proximate result of Defendant's violation of the UCL, Plaintiffs suffered actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

1.     For reformation of the loan modification agreement to reflect the accurate amount owed to Defendant after taking into consideration the credit for subordinate financing in the amount of $66,270.29 and all payments made;

2.     For an award of actual damages suffered by Plaintiffs;

3.     For an award of punitive damages;

4.     For such other and further relief as may be just and proper;

5.     For an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial against Defendant and for Plaintiffs;

6.     For an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b) against Defendant and for Plaintiffs;

7.     For an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Defendant and for Plaintiffs;

8.     For an accounting in determination of the amount owed by Plaintiffs; and

9.     For attorney's fees under the common law theory of "tort of another".

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand trial by jury in this action.

DATED: July 15, 2015               Respectfully submitted,

DELTA LAW GROUP

/s/ Jim G. Price

BY: _____
JIM G. PRICE
Attorneys for Plaintiffs
JONATHAN HAYTER &
SANDRYNA HAYTER

COMPLAINT

## VERIFICATION

I, JONATHAN HAYTER, declare:

I am one of the Plaintiffs in this action.  I have read the foregoing document entitled: **COMPLAINT** and know the contents thereof.  The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this $\underline{15^{th}}$ day of July, 2015, at Brentwood, CA.


_____
JONATHAN HAYTER